IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 06-061 (02) (RCL) |
| | ) | |
| ALONZO PATRICK | ) | |

### MOTION TO SUPPRESS EVIDENCE AND STATEMENT

Defendant Alonzo Patrick, by and through his undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed. R. Crim. P. 12 (b)(3) and the Fourth Amendment of the Constitution to suppress the evidence. This evidence was seized in violation of the Fourth Amendment as a result of an unconstitutional search of the defendant's person and the location where he was located at the time of his arrest. In support of this Motion, the defendant relies upon the attached Memorandum of Points and Authorities.

Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C. 20001
(202) 393-0007
On Behalf of Alonzo Patrick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | | |
| v.  ) | Cr. No. 06-061 (02) (RCL) | |
| ) | | |
| ALONZO PATRICK  ) | | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE AND STATEMENT**

**Facts**

    Defendant Alonzo Patrick is accused in a five-count indictment with one charge of Unlawful Possession With Intent To Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. §2 based upon the following factual predicate. On January 18, 2006 at 3650 Minnesota Avenue, S.E., Apartment 101, Washington, D.C., an undercover police officer allegedly went to that location and engaged co-defendant Jerome Kinard in a conversation about selling him cocaine. He reportedly then obtained two ziplocks of cocaine from Mr. Kinard in return for $20.00 in marked money.

    Six days later, after obtaining a search warrant for that location, the same officer returned and reportedly purchased from co-defendant Travis Sweet six ziplock bags of cocaine in return for $55.00 in marked money. Shortly after that exchange, police officers returned to execute the search warrant. Inside the bathroom, police located Mr. Patrick and one of his co-defendants, Travis Sweet. The Government contends that Mr. Patrick was standing over the toilet while two bags of cocaine and an identification card of Mr. Sweet's were flushing down the toilet. Mr. Sweet was standing behind the bathroom door and had a plastic bag containing 35 baggies at his feet and had $226.00, including the

$55.00 in marked money, on his person. Mr. Patrick reportedly had 6 small ziplock bags of cocaine and $146.00 on him.

**Argument**

     **Suppress Evidence**

It is axiomatic that "searches conducted outside the judicial process, without prior approval by a judge or a magistrate are <u>per</u> <u>se</u> unreasonable under the Fourth Amendment--subject only to a few specifically established and well-delineated exceptions." <u>Katz v.United States</u>, 389 U.S. 347, 357 (1967). Although there was a search warrant for the premises where this incident occurred, there was no warrant to search Mr. Patrick. The Government appears to be proceeding under the theory that Mr. Patrick was searched incident to an arrest based upon his location and actions at the time the search warrant on the apartment was executed.

Where there is no search warrant, the Government bears the burden of proving that the search of the defendant's person was valid. <u>Coolidge v. New Hampshire</u>, 403 U.S. 443 (1971). Since the Fourth Amendment protection against search and seizure requires probable cause for warrantless searches and seizures, <u>Henry v. United States</u>, 361 U.S. 98 (1959), this Court must determine whether there was probable cause and whether the search of Mr. Patrick, himself, was permissible under one of the recognized exceptions to the warrant requirement.

In deciding whether there was probable cause, the Court must determine whether the police had enough information reasonably to believe that a crime had been committed and that the arrested person had committed that crime. <u>Bell v. United States</u>, 102 U.S. App. D.C. 383, 254 F. 2d 82 (1958), <u>cert. denied</u>, 358 U.S. 885 (1958); <u>Harrison v. United States</u>, 267 A. 2d 368 (D.C. App. 1970). Mere suspicion of criminal activity is not an adequate foundation for an arrest or search. <u>United States v.</u>

Branch, l78 U.S. App. D.C. 99, 545 F. 2d 347 (l976). Furthermore, discovery of contraband does not rehabilitate an illegal arrest and subsequent bad search. United States v. Dire, 332 U.S. 58l (l948). None of the evidence in this case is admissible, because it is the fruit of the poisonous tree. Wong Sun v. United States, 37l U.S. 471 (l963); Gatlin v. United States, ll7 U.S. App. D. C. l23, 326 F. 2d 666 (l963).

**Conclusion**

The Government has failed to demonstrate that the search of the defendant's person meets one of the exceptions to the warrant requirement. For the above reasons and such others as may be raised at an evidentiary hearing, the defendant requests that said motion be granted.

Respectfully submitted,

Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C. 20001
(202) 393-0007
On Behalf of Alonzo Patrick