UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 26 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 06-061 (RCL)
:
ALONZO PATRICK, :
:
Defendant. :

Let this be filed.
Royce C. Lamberth
U.S.D.J.  7/26/06

## GOVERNMENT'S SUBMISSION TO THE COURT
## IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Alonzo Patrick, hereby submit the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSES

The essential elements of the offense of Unlawful Possession With the Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) are:

   1.  That the defendant possessed Cocaine Base;

   2.  That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally, or inadvertently; and

   3.  That when the defendant possessed the cocaine base, he had the specific intent to distribute it.  "Distribute" means to transfer or attempt to transfer to another person.

II.  COPY OF THE PLEA AGREEMENT

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.   PENALTIES

Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C):

1. a term in prison of not more than 20 years;
2. a fine of not more than $1,000,000; and
3. a term of supervised release of at least three years.

IV.   FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that the defendant, who was later identified as Alonzo Patrick, was present when the police executed a search warrant for Apartment 101 located at 3650 Minnesota Avenue, S.E., Washington, D.C. The evidence would have shown that the apartment was used by certain individuals on January 24, 2006, to distribute cocaine base. Specifically, the evidence would have shown that the Metropolitan Police Department made two purchases of cocaine base from Apartment 101. In the course of executing this search warrant, the police recovered numerous cell phones, scales, a box of .357 ammunition, empty ziplock bags, and two handguns. In addition to recovering PCP and ecstasy, the police recovered over 630 grams of marijuana.[1] The government would have offered the testimony of an expert in narcotics trafficking who would have opined that scale and ziplocks are used for the packaging of cocaine base; that cell phones are used by drug dealers to acquire additional drugs and to conduct transactions; and that drug dealers will often carry or possess firearms to protect their narcotics and cash from robbers.

Moreover, upon entering the apartment, the police observed the defendant run into the bathroom. The police followed the defendant into the bathroom. The defendant was placed under

---

[1] The above-mentioned amounts of PCP, ecstasy, marijuana and cocaine base were obtained from a DEA analysis that was performed on the narcotics recovered from Apartment 101 by the police on 24, 2006.

-2-

arrest and, in a search incident to that arrest, the police recovered 6 ziplocks of a white rocklike substance. This white rocklike substance was later analyzed by the DEA and determined to be cocaine base. The weight of the six ziplocks is believed to be .45 grams. The police also recovered $146 in United States Currency from the defendant's person.

The government's expert in narcotics trafficking would have testified that the packaging of this cocaine base is consistent with the manner in which drug dealers package and distribute cociane base in the District of Columbia.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

MICHAEL T. TRUSCOTT
Assistant United States Attorney
Member of the New York Bar
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
202-514-7533

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Diane Lepley, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 7/26/06

Alonzo Patrick
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 7/26/06

Diane Lepley
Attorney for Defendant