**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  06-61-02** |
| | : | |
| | : | **Sentencing: November 17, 2006** |
| **ALONZO PATRICK,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**UNITED STATES' MOTION FOR**
**TWO POINT REDUCTION FOR ACCEPTANCE**
**OF RESPONSIBILITY**
**AND MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States

Attorney for the District of Columbia, and hereby respectfully submits its Motion For Two-Point

Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing.  In support

thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A.  Factual Summary Offense

1.  On January 18, 2006, at approximately 8:45 p.m., an undercover officer (UC) with the

Metropolitan Police Department went to Apartment 101 of 3650 Minnesota Avenue, S.E.,

Washington, D.C.

2.  When the UC knocked on the door, it was answered by a black male, who was later

identified as the defendant, Jerome Kinard.

3.  When the defendant asked the UC what he wanted, the UC responded by stating "twenty"

and gave the defendant $20 in prerecorded Metropolitan Police Department funds.  In return, the

defendant gave the UC two pink ziplocks of a white rock-like substance.

4.  Based, in part, upon the foregoing, the police obtained a search warrant for Apartment 101, which was executed on January 24, 2006.

5.  The apartment was used by certain individuals on January 24, 2006, to distribute cocaine base.  Specifically, the evidence would have shown that the Metropolitan Police Department made two purchases of cocaine base from Apartment 101.  In the course of executing this search warrant, the police recovered numerous cell phones, scales, a box of .357 ammunition, empty ziplock bags, and two handguns.  In addition to recovering PCP and ecstasy, the police recovered over 630 grams of marijuana.

6.  Upon entering the apartment, the police observed the defendant, who was later identified as Alonzo Patrick, run into the bathroom.  The police followed the defendant into the bathroom and discovered him standing over the toilet.  The defendant was placed under arrest and, in a search incident to that arrest, the police recovered 6 ziplocks of crack cocaine.  The packaging of this cocaine was consistent with the manner in which drug dealers package and distribute crack cocaine.  The weight of the six ziplocks is believed to be .45 grams.  The police also recovered $146 in United States Currency from the defendant's person.

B.  Defendant's Acceptance of Responsibility

7.  The defendant expressed an early interest in entering into a plea.  Because of the defendant's early acceptance of responsibility, also pursuant to the plea agreement, the United States was able to conserve valuable prosecution resources and the defendant is entitled to a two-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines.

**Memorandum in Aid of Sentencing**

8.   Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level is governed by the fact that defendant pled guilty and accepted responsibility for unlawfully distributing cocaine base.  In the event that the Court grants the two point reduction for the acceptance of responsibility, the defendant's total offense level will be 12.  The defendant received an additional two points for his criminal history score due to the fact that he was under a criminal justice sentence at the time he committed this offense.  The defendant's criminal history level is III.  Therefore, the defendant's guideline range is 15 to 21 months.  Pursuant to the terms of the plea agreement, the United States recommends that the defendant be sentenced to a period of 15 months of incarceration.

9.   According to the PSR, the defendant's criminal record consists of two convictions and nine arrests.  The defendant now stands before the Court to be sentenced for his third conviction in the past seven years.  Indeed, as noted above, the defendant was on probation for carrying a pistol without a license at the time that he committed the instant offense.  This repeated criminal behavior demonstrates that the chances of rehabilitation for the defendant are poor.  Therefore, the defendnat should be sentenced to 15 months of incarceration.

10.  This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a).  This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a).   The circumstances surrounding the offense and defendant's criminal history: As mentioned above, the defendant has two prior convictions and was on probation at the time he committed the instant offense.

(b).    The seriousness of the offense and the need to promote respect for the law and punishment: As mentioned above, the defendant sold narcotics from an apartment that had effectively been converted from a residence to a store where one could buy all sorts of illegal narcotics.  This not only presented a danger to the community through the victimization of drug addicts, but it also created a dangerous and unhealthy environment for the other people who lived in that building.  In fairness, it was not the defendant's apartment and he was not the only selling drugs from the apartment.  However, the defendant's role in creating and taking advantage of this situation should not be ignored by the Court.

(c).  Potential deterrence: A 15 month sentence would demonstrate to the defendant, as well as others, that there are significant consequences in the trafficking of narcotics.

(d).  Protecting the public: The record amply demonstrates the need to protect the public from the defendant's criminal behavior.

/ / /


/ / /


/ / /

(e).  The needs of the rehabilitative needs of the defendant: There are none.  The defendant

committed the instant offense simply because he wanted the money.


Respectfully,
JEFFREY A. TAYLOR
United States Attorney


By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010